UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRYANT, | No. 2:09-cv-01433-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| GORDON & WONG LAW GROUP, P.C. | |
| Defendant. | |

----oo0oo----

Presently before the Court is a Motion by Defendant Gordon & Wong Law Group, P.C. ("Defendant") for Summary Judgment, or in the alternative summary adjudication of issues, pursuant to Federal Rule of Civil Procedure 56.  Defendant so moves on the grounds that claims alleged by Plaintiff James Bryant ("Plaintiff") are barred by the *Rooker-Feldman* doctrine.  For the following reasons, Defendant's Motion for Summary Judgment is granted.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

On March 9, 2006, Defendant filed a collection lawsuit against Plaintiff in Sacramento County Superior Court. The proof of service filed in Superior Court indicates that Plaintiff was personally served with the Summons and Complaint. (Pl.'s Ex. B) After no response to the Complaint was filed, on December 28, 2006 the state court entered a default judgment against Plaintiff. To satisfy the judgment for its client, Defendant obtained a writ of execution to garnish Plaintiff's bank accounts.

Plaintiff states that he was never served with the Summons and Complaint or any court-related documents. Instead, in what Plaintiff describes to be "out of the blue", he discovered in March 2009 that his checking and savings accounts had been garnished. Consequently, Plaintiff filed suit in this Court alleging violation of the federal Fair Debt collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and invasion of privacy[2].

Defendants however argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and, as such, this Court lacks subject matter jurisdiction. On these grounds Defendant moves for summary judgment.

///
///
///

---

[2] Plaintiff has since indicated that he withdraws his privacy claim.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party claiming relief may move...for summary judgment on all or part of the claim."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

1 | Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
2 | 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
3 | 253, 288-89 (1968).
4 |     In attempting to establish the existence of this factual
5 | dispute, the opposing party must tender evidence of specific
6 | facts in the form of affidavits, and/or admissible discovery
7 | material, in support of its contention that the dispute exists.
8 | Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
9 | the fact in contention is material, i.e., a fact that might
10 | affect the outcome of the suit under the governing law, and that
11 | the dispute is genuine, i.e., the evidence is such that a
12 | reasonable jury could return a verdict for the nonmoving party.
13 | Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
14 | (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
15 | Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
16 | "before the evidence is left to the jury, there is a preliminary
17 | question for the judge, not whether there is literally no
18 | evidence, but whether there is any upon which a jury could
19 | properly proceed to find a verdict for the party producing it,
20 | upon whom the onus of proof is imposed."  Anderson, 477 U.S. at
21 | 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81
22 | U.S. 442, 448 (1871)).  As the Supreme Court explained, "[w]hen
23 | the moving party has carried its burden under Rule 56(c), its
24 | opponent must do more than simply show that there is some
25 | metaphysical doubt as to the material facts....Where the record
26 | taken as a whole could not lead a rational trier of fact to find
27 | for the nonmoving party, there is no 'genuine issue for trial.'"
28 | Matsushita, 475 U.S. at 586-87.

**ANALYSIS**

The *Rooker-Feldman* Doctrine established the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Pursuant to federal statute, final judgments or decrees rendered by the highest court of a state may only be reviewed by the United States Supreme Court. 28 U.S.C. § 1257(a); Elks Nat. Found. v. Weber, 942 F.2d 1480, 1483 (9th Cir. 1991). Accordingly, the *Rooker-Feldman* doctrine bars federal courts from exercising subject matter jurisdiction over a proceeding in which a party losing in state court seeks what effectively would be appellate review of the state judgment in a United States district court. Doe v. Mann, 415 F.3d 1038, 1039 (9th Cir. 2005) (citing Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)). A federal district court must refuse to hear a forbidden de facto appeal from a judicial decision of a state court. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003)

The Supreme Court recently revisited *Rooker-Feldman*, clarifying the interpretation of the doctrine. In Exxon Mobile Corp. v. Saudi Basic Indus. Corp., the Supreme Court affirmed that "the *Rooker-Feldman* doctrine is confined to cases brought by state-court losers complaining of state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The crux of Plaintiff's case rests on the allegation that Plaintiff was never served with Defendant's complaint and that his bank accounts were garnished without any prior notice. However in disputing the garnishment of his accounts, Plaintiff is inherently challenging the entry of default against him and the writ of execution that authorized the garnishment. The net effect is that Plaintiff is seeking to undermine the state court judgments. These judgments were rendered before the current district court proceeding, and any action by this Court in favor of Plaintiff on his FDCPA or RFDCPA claims would necessarily require review of those state court judgments. The *Rooker-Feldman* doctrine specifically bars this Court from doing so. If Plaintiff believes he has been wronged by the actions of the state court, he must turn to the state for remedy. This Court lacks jurisdiction to provide redress for Plaintiff's claims.

**CONCLUSION**

Defendant's Motion for Summary Judgment (Docket No. 23) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendant and close the file.

IT IS SO ORDERED.

Dated: January 29, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE